McFaRland, J.,
delivered the opinion of the court:
On the 15th of January, 1861, the clerk of the county court of Lauderdale, after (as he certifies) giving the notice required by law, proceeded to state the account of John Sutherland, administrator de bonis non of the estate of James Tapscott, deceased, and found a balance against him of $832.27. On the 5th of March, 1861, this settlement was presented to the court, when John Bayne, as administrator of Henry Tapscott, and as agent of Haney Tapscott, filed exceptions, which were allowed, increasing the balance against the administrator to $845.37, which sum he was ordered to pay over to the clerk of the court.
*161 The administrator, Sutherland, as the decree shows, excepted because has was not allowed six per cent, commissions for his services, his allowance not being so much. This was overruled, and from the decision of the court, disallowing his exceptions, Sutherland appealed to the chancery court, and gave bond. It does not appear that any steps were taken in the cause for several years. The record was not filed in the chancery court by Sutherland. He died, and administration was granted upon his estate in May, 1862, to his widow.
Bayne, as administrator of Henry Tapscott’s estate, and as executor of the will of Haney Tapscott, and George Tapscott, as administrator of Samuel Tapscott, sought to have the order or decree of the county court affirmed by bringing up and filing the record for that purpose, and to have it revived against the personal representative of Sutherland. Bor this purpose they caused several writs of scire facias to issue, two of which were quashed. The third, however, was held valid. The proceeding was revived, and the judgment of the county court was affirmed.
It is first objected that the parties at whose instance these subsequent proceedings have been had in the chancery court are not the proper parties. We are of opinion that, the distributees of the estate of James Tapscott are the parties in interest, and not a second .administrator de bonis non.
It is argued that the testator and intestate of Bayne, and the intestate of George Tapscott were not the dis-tributees. They were Henry 0., Haney, and Samuel Tapscott, the only surviving brother and sisters of James Tapscott. It appears that James was married, and had children, but they died in infancy before their father. It does not affirmatively appear whether' his wife, father, or mother survived him.'
This proceeding is anomalous.
*162 TRe clerk before making tbe settlement is required to notify tbe parties in interest. It is not absolutely essential tbat tbey should' appear — no suit need be instituted by them — 'but tbey may appear, and either party may appeal. Secs. 2303, 2304 [Shannon’s Code, secs. 4039, 4040.] After settlement, the county court shall compel the representative to pay into the office of the clerk the balance found against him, by execution, as in case of a judgment at law. Sec. 2307. [See now Shannon’s Code, sec. 4043, embracing the act of 1811, ch. 51, amending said sec. 2307 of the code of 1858.]
This, it is observed, is not in form a judgment in favor of any particular' individuals, but an order to pay the money into the clerk’s office for the benefit of those entitled. But the distributees may appear and contest the matters involved, and appeal. And when they appear and offer to contest or appeal, their right to do so must be decided by the court. The court must determine whether or not they are the propel’ parties. In this cause, Haney Tapscott, and the administrator of Henry, were allowed to except to- the settlement, and their exceptions were sustained by the county court. They were treated as distributees of the estate. Ho question as to this was made. When these same parties appear in the chancery court, and ask an affirmance of the order, we think it not essential that they should first show that they are the distributees; prima facie, they are. The decree affirmed is not to pay the money to them, but to pay into county court, where the proper parties must appear and satisfy the court of their right to the fund. So we hold that the chancery court was not in error for refusing to dismiss the proceeding for want of parties.
We think the appeal had the effect to suspend or vacate the order of the county court, either in whole or in part, and that the proceeding is in the nature of a proceeding to *163 revive a pending suit, and that the statute of two years in favor of personal representatives is not a bar.
It is argued that, the appeal of Sutherland was only from that, part of the decree of the county court, refusing additional compensation, and that the balance of the decree was in full force. And the decree of the chancery court should have been confined to the question of compensation to the administrator.
The appeal was treated as vacating the entire decree. So long as this exception remained undisposed of the settlement did not stand confirmed. Until the exact amount co be paid over to the clerk was ascertained, it did not stand in the nature of a judgment.
The technical objections to the form or substance of the scire facias, we think, are not important. The decree of the chancellor was that the order of the county court confirming the settlement, and ordering the balance paid to the clerk, be affirmed, and this decree be certified' back to the county court for execution. We think this is correct, and it will be affirmed, and the costs of this court will be paid by representative of Sutherland.